UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| VS. § | CRIMINAL ACTION NO. 2:15-CR-00188-1 |
| § | |
| AMBER LYNN WISE § | |

## FINDINGS AND RECOMMENDATION
## ON PLEA OF GUILTY

United States District Judge Nelva Gonzales Ramos referred this case to the undersigned United States Magistrate Judge for the purpose of conducting a guilty plea proceeding pursuant to Rule 11 of the Federal Rules of Criminal Procedure. The undersigned submits these Findings and Recommendation to the District Judge pursuant to 28 U.S.C. § 636(b)(3). All parties have waived the right to plead before a United States District Judge, and additionally, have consented to proceed before the undersigned.

On March 4, 2015, the Defendant appeared with counsel before the undersigned magistrate judge and was personally addressed in open court and admonished pursuant to Rule 11 of the Federal Rules of Criminal Procedure as follows:

1. The Defendant was placed under oath and advised that any false answers given during the plea proceeding could be used by the United States against the Defendant in a prosecution for perjury or for making a false statement;

2. The defendant was advised of the defendant's right to a jury trial, the right to the presumption of innocence, the right to require that the United States prove each of the elements of the offense to a jury beyond a reasonable doubt. The defendant was further advised that the right to a jury trial included the right to see, hear and cross-examine witnesses, the right to compel witnesses to appear on the defendant's behalf, and the right to testify on the defendant's behalf or to remain silent. The defendant was advised that a plea of guilty would waive the right to a jury trial, the right to see, hear and cross examine witnesses, the right to compel witnesses to appear in the defendant's behalf, and the right to remain silent;

3. The Defendant was advised that Count Two of the indictment charged a violation of Title 26, United States Code, Section 7206(1), which makes it unlawful for any person to willfully make a false material statement on an income tax return;

4. The Defendant was advised that the United States must prove each of the following elements beyond a reasonable doubt: (1) that the Defendant electronically signed an income tax return that contained a written declaration that it was made under penalties of perjury; (2) that in this return the Defendant falsely stated on Line 22 that her total income for the tax year 2009 was $126,532 whereas she knew that her total income greatly exceeded that amount and should have been reported as $235,942.00; (3) that the Defendant knew the statement was false; (4) that the false statement was material; and (5) that the Defendant made the statement willfully, that is, with intent to violate a known legal duty;

5. The Defendant was advised that the maximum possible sentence included a prison term of up to three years plus a maximum fine of up to $250,000, and a period of supervised release of not more than one year, and that any violation of supervised release could result in an additional prison term of up to a maximum of one year; the Defendant also was advised that even if the Defendant received the maximum sentence for violation of supervised release, if the Defendant had not completed the full term of supervised release, the Defendant could be re-released to supervised release, and if revoked again could receive up to the maximum sentence again; the Defendant was advised that this could happen multiple times until completing the term of supervised release; the Defendant also was advised that a mandatory $100 special assessment applied to this felony conviction; further the Defendant was advised that she may be required to pay restitution to the United States;

6. The Defendant was advised of the District Court's obligation to calculate the applicable advisory sentencing guideline range and to consider that advisory range, possible departures and variances under the Sentencing Guidelines, and other sentencing factors under 18 U.S.C. § 3553(a); the Defendant stated that she understood and had discussed with her attorney how the guidelines might be calculated in her case and applied to her;

7. The Defendant was advised that conviction of this offense could result in her losing certain rights she has as a citizen, such as the right to vote, the right to hold public office, the right to serve on a jury and the right to possess any kind of firearm. The Defendant stated she understood and had discussed this matter with her attorney; and

8. The Defendant was advised that her written plea agreement with the United States included a promise that, in exchange for her plea of guilty to Count Two, the United States would recommend maximum credit for acceptance of responsibility and a prison sentence within the applicable guideline range as decided by the District Court; the

United States further agreed to move to dismiss all remaining counts at sentencing; further that the Defendant and the United States entered into a stipulation that for guideline calculations and restitution purposes the tax loss to the United States was $69,692.76;  in addition, if the Defendant had provided or did provide  prior to sentencing, substantial assistance to the United States, the United States *may* move for a downward departure pursuant to U.S.S.G.§5K1 and commensurate with the value of the information provided; the Defendant was further advised that the decision about whether to move for a downward departure was a decision solely in the discretion of the attorney for the United States, and the decision whether to grant such a motion rested with the sentencing judge; and

The Defendant was further advised that the plea agreement contained a waiver of her right to appeal and to file any petitions collaterally challenging her conviction; the Defendant stated that she had discussed the appeal waiver with her attorney, and she understood she was knowingly waiting her right to appeal the conviction and sentencing decision of the District Court to a higher court and that she was knowingly waiving her right to file a petition collaterally challenging her conviction, except that nothing in the waiver will preclude the Defendant from raising a claim of ineffective assistance of counsel in an appropriate forum.

The Defendant stated that she had received a copy of the Indictment and she understood the nature of the charge, the maximum possible penalty, and the consequences of pleading guilty.  The Defendant further stated that the plea of guilty was made freely and voluntarily, and did not result from any force, threats or coercion, and no one had promised the Defendant a certain sentence. The Defendant stated that she understood that if she did not receive the sentence hoped for, she could not withdraw her plea of guilty.  The undersigned finds the Defendant to be sufficiently competent to enter a plea of guilty.

The Defendant pleaded guilty to the offense of willfully making a false material statement on an income tax return as charged in Count Two of the Indictment.  When questioned about the guilty plea the Defendant admitted that the Defendant had electronically signed an income tax return that contained a written declaration that it was made under penalties of perjury, that in this return the Defendant falsely stated on Line 22 that her total income for the tax year 2009 was $126,532 whereas she knew that her total income greatly exceeded that amount and should have been reported as

$235,942.00, that the Defendant knew the statement was false, that the false statement was material, and that the Defendant made the statement willfully, that is, with intent to violate a known legal duty.  The Defendant further admitted that the factual basis in support of the guilty plea, as set forth by the United States Attorney, was correct.

The undersigned United States Magistrate Judge finds that Defendant's guilty plea was freely and voluntarily tendered and did not result from force, threats, or promises and that an adequate factual basis exists in relation to this plea.

## RECOMMENDATION

It is respectfully recommended that the District Court adopt the foregoing findings, accept the Defendant's plea of guilty, and enter a finding that the Defendant is guilty as charged in Count Two of the Indictment.

Respectfully submitted this 4th day of March, 2015.

_____
B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

The Clerk will file the Findings and Recommendation on Plea of Guilty and transmit a copy to each party or counsel.  Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Crim. P. 59(b), 28 U.S.C. § 636(b)(1), and General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within **FOURTEEN (14) DAYS** after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc).